Thank you both for a very good argument. We'll reserve decision. The next matter on our calendar and the last argued case is United States v. Donald Brunton. Thank you. Double header today, right? Yes, Your Honor. Thanks. Good morning. May it please the Court. Good morning, Counsel. My name is Martin Volkobaum. I appear for Donald Brennan. As the Court probably knows, Mr. Brennan has spent the vast majority of basically the last four decades seriously abusing alcohol. As a result of that... Where is he now? Mr. Brennan is at Butner right now. He was there, he got there March 26th. By my calculation, the District Court entered an order in this case for a preliminary prognosis report within 45 days of his arrival. By my calculations, that would be May 10th. What are we supposed to do with Mr. Brennan? That's my problem. I mean, if everything you say is correct and the government has no right to continue to hold him because he's never going to get better, what do we do? We don't want him out on the street again in filthy clothes, peeing on himself. What do we want to do with him? I think everybody acknowledges here that probably, speaking as a human being rather than maybe as Mr. Brennan's advocate, is that this probably ends up or should end up in some sort of a civil commitment. So how do we get from here to there? Well, I think that I'm not that familiar with New York. Does the District Court have to do it? I don't think so necessarily. I mean, I think that in most states anyway, anyone can petition for civil commitment on the ground that a person has within the recent past committed an act that is a danger to themselves as a result of . . . But someone has to do it. Someone has to make that petition, and it goes to the state, right, not the federal government. I think that's right, except that I will say that in this case there just procedurally is an out on this point, which is that right now, whatever I say here today, Mr. Brennan is in fact in on a 4241D commitment . . . Right. . . . which makes him eligible potentially for evaluation pursuant to 4246. All right, so he's been evaluated by a state doctor, but the District Court didn't make the finding required under 8142, isn't that correct? The District Court . . . 4241, I'm sorry. The District Court has to make the finding that he is mentally incompetent and the impairments are not treatable or likely to improve. Isn't that a finding that the court has to make, not a doctor? The court . . . that's right. The court viewed itself as not being permitted by the statute to make that finding at this juncture. It's our contention that the statute has written for somebody like Mr. Brennan violates due process precisely because in this case with the evidence we have . . . there's no way that there is a reasonable relationship between the restoration evaluation commitment and any compelling government interest. If we remanded this to the District Court to make such a finding, what happens then? That he can walk out of the courtroom, right? If she says that he's incompetent, but he's not likely to improve, the state has no argument to hold him, correct? I don't think the state of New York has . . . I mean, the federal government can't hold him after she makes that finding, which is why I suspect this judge, who's pretty good, decided not to make that finding because it's where . . . where do you go from there? No exit. Well, I don't know that there's any . . . I mean, conceivably, he isn't on a 4241 commitment. Conceivably, this case could be remanded. Judge Wolford could make that finding while he is still at Butner. Hypothetically, let's say we remand her and she makes the finding under 4241D. Then what happens right after she makes that finding? Where does Mr. Brennan go? Well, under 4241D, if he's still at Butner at the time, then the director at Butner, or whoever is evaluating him, is in a position to say, I have concerns about this person's dangerousness. You know, he poses a serious risk of harm to others or to property, and can petition for his domicile state to take custody of him. Failing that can file the needed certification with the district court with Judge Wolford, and she can hold dangerousness proceedings. The process could proceed just as it would had we never raised this challenge on that scenario. Even if that weren't the case, if this case were remanded and Judge Wolford, in fact, entered a finding that he was not restorable to competency, the U.S. Attorney's Office, presumably the district court, anybody could refer this to the appropriate authorities in the state of New York. As soon as he walks free, he will be liable to arrest again because he's not going to register as a sex offender. Partly because he doesn't remember having offended, and he doesn't know about this requirement, and he can't keep it in his head. So he could be arrested every four months, sent for evaluation, and start all over again. That doesn't seem like any kind of solution that we would be happy with. I'm not sure that that, I guess I would say two things. I'm not sure that that problem can be avoided regardless of what is done here. I mean, a finding of incompetency, even unrestorable incompetency, isn't necessarily, I wouldn't think, binding on a future court, particularly, for example, a court of a different sovereign. So conceivably, Mr. Brennan could get out on conditional release from a civil commitment, not register as a sex offender, assuming he still has that obligation, and end up in exactly the scenario that Your Honor has just suggested. I don't know that there's anything that we can do here that can avoid that possibility. The second thing I would say is that while I appreciate the court's concerns, this statutory process, of course, has a particular purpose in mind, which is to determine whether the government's compelling interest in bringing somebody to trial can be met in a particular case. The fact that we may feel badly for Mr. Brennan or have concerns about Mr. Brennan clearly can't be a reason to broaden that statutory purpose. He can't report to trial for failure to register if he doesn't remember having committed the offense, nor does he remember the duty to register, so he's incompetent on that level. Sure, but in this case, there's also an evaluation showing, at least in the eyes of the forensic psychologist, that he's not criminally responsible for the SORNA offense because of the lack of memory. Is that a defense? Well, I think he would have to knowingly fail to register, and if he can't remember that he has the obligation, then obviously the omission isn't knowing. I mean, I suppose that would be the defense, that he lacks requisite mens rea. So I'm not quite sure that I understand the court's question, I guess. I just don't know what is the right thing to do for both the state's interests and this person's interests. I don't know what the right thing to do is. I'm going to ask the government, see if the government has some brilliant idea. Thank you. Counsel? I think the problem that you're on, I'm sorry. Monica Richards on behalf of the United States of America. I think that the problem the court's identified is something that Mr. Vogelbaum and I have spoken about. The problem is the procedural posture presented to this court. So while the court's sympathy and concern with regard to what happens to Mr. Brennan personally, what happens to him, let alone the criminal consequences. What do you recommend that this court do? I think that at this point this court can't do anything, and that's what I tried to say in my brief, Your Honor, that at this point the commitment, the district court did determine that he is presently incompetent at that time when he was in front of the court, and that was a finding which triggered the mandatory commitment, the 4241D, for a determination of whether or not he could be restored to competency. And they have found, or at least a doctor has found, not a court, that he's not going to be competent ever. We don't know that. That's what the determination to be made at Butner is right now. Haven't they concluded that the disease he has is degenerative and it gets worse over time, not better? But that's not finding. That's the whole point, Your Honor, that that was a finding that he was presently incompetent, so the restoration period is triggered. The 4241D triggers the shall be committed, shall commit. And that's why this court at this point, until this period of restoration or attempted restoration, and we don't know. I don't know. Your Honor could be exactly right that this is a foregone conclusion, that he won't be restored to competency. Butner keeps him indefinitely. Aren't we treading on his constitutional right to be free? We're not there, and respectfully, Butner is not keeping him indefinitely. We have a 45-day order in place. As my colleague noted, we have an interim report, which is a unique circumstance, frankly, that this judge- When did the 45 days start running? March 26th. So we're still in that period. We are. But not very long. It was sort of the beginning of May, first week in May. May 10th, and I've communicated that directly with the facility, and the facility has communicated with both counsel, the trial level AUSA, and my colleague here with regard to the initiation of that examination. Did they have to release him on May 10th? No. What are their options? That's for an interim report, if Your Honor's- I can refer Your Honor, excuse me, to the district court's order here, which took into consideration the concerns with regard to the timing and the length of time of commitment in light of the possibility that he cannot be restored. So it's in the record, Your Honor, at pages 181 to 182, and so the interim report is due to the district court at that point. If then the district court could take some further action, and the district court could determine he should be released, the district court could determine further evaluation or, excuse me, further treatment might result in restoration of competency. So that's what I tried to say at the beginning, at the outset of my argument here, Your Honor, is I'm not really arguing. I'm saying that right now, though, is not the time. The procedural posture of this case limits- This is your motion to get him out, right? Isn't that why we're here, counsel? It was a motion to dismiss that was filed in the trial court, which Judge Wolford- I can't hear this, sir. I'm sorry. It was a motion to dismiss in the trial court, which Judge Wolford denied, and then we- And that's what you're appealing? That's correct. Although it seems prudent to let this go until May 10th. Would you agree with that, counsel? It's our position that this is fundamentally a question of two things, statutory construction and constitutional requirements. Clearly, the Constitution requires that Mr. Brennan, however concerned we are about him, not be incarcerated if there's adequate evidence that the statutory standard is not going to be met, which there is here. And the fact that the statutes happen to fall in a particular sequence because of the way Congress set them up has to go by the wayside if, in fact, the court were to find that's the case. So May 10th, from our point of view, is in a relevancy to our argument, which is fundamentally an argument about what due process requires, which is for Mr. Brennan to be- Isn't what triggers the statute the finding by the district court that he is presently not competent to stand trial? Now, it may be that the medical evidence before the court showed that it was a chronic degenerative disease, but isn't that to be taken into account under the statute in determining whether there's any hope of progress? I don't understand why the underlying- why the medical evidence underlying the conclusion about present competency is totally binding as to the issue of future competency. In other words, I'm suggesting that the statute provides for a look at future competency that takes into account the underlying medical evidence to the district court's conclusions as to present competency. I understand your Honor's point, and that of course is the position that's been taken by the circuit courts that have considered the statute. What I would say is this. These cases arise in rather extraordinary and limited circumstances. Mr. Brennan has a very, in my experience, kind of unusual medical situation going on. The other cases have to do with people who have vascular dementia or who have had portions of their brain surgically removed. And so understanding that in the ordinary case, the process that Your Honor has just described and that the statute provides for would be perfectly acceptable and not offensive to due process. In a case that is outside the margins, like Mr. Brennan's, or like the people with parts of their brains removed, then you do run up against the question of, well, the evidentiary threshold is impossible to surmount. Can I commit this person? And it's our position that under those circumstances, infrequent though they may be, you can't. So if we can't commit him, we have to take him out of what you call incarceration, I would call commitment, and leave him out on the street to get worse again, to allow him to keep drinking and accelerate his death. Is that what you're arguing for? I think that obviously what the court has to do is follow its best understanding of the statute and the Constitution. The result of that may or may not be what Your Honor has just described. As I said, this case could be remanded to Judge Wilford. Without him ever setting foot outside of Butner, Judge Wilford could enter the finding that the evidence warrants a conclusion that he's not going to be restored to competency and send directions to Butner that at this point they are to. Okay, so if she does that, then what? Then they stop their evaluation, and he's then freed. No, I think under 4246A, they can then opine, whether in the time that... Who would apply? It's the director of the facility technically under 4246A who makes the initial dangerousness... The director of the facility is at Butner? At Butner, right. Which is in North Carolina? Correct. Applied to New York State? Yes. He's actually authorized under 4247 to make such an application. Applied to New York State because that's his place of residence? Right, and also because of the federalism concerns, obviously. But as his attorney, do you not see any value in letting Butner complete their evaluation? As his attorney, I see my... Yes, I'm asking you, what's in his best interest? His interests, as expressed to us, are that he doesn't want to be incarcerated. We're duty-bound to pursue those interests. We're duty-bound to represent him and try and get him out, but do you see any value to letting them complete their evaluation? Quite honestly, I don't because of the unique nature of this case. I don't anticipate that we are very likely to get a different result here, and I think Judge Wilford said as much. She characterized this case as having a relatively low probability that this individual would be found restorable. Right, and at least one doctor has already concluded that. Well, all right, I'm just looking for some magic pill. Thank you. We'll hear from the government. Even though I took you out of turn, you can have your time. What do you recommend, counsel? Well, I would just note, Your Honor, that the term that he's at Butner right now is not just for evaluation purposes. It's for medical treatment. So if that addresses the court's attempt at restoration to competency isn't just to leave him in a room and see if he figures it out by himself. You're treating his disease, which is degenerative, we're told. Well, we're told. And also just to note, I understand that the court's citing a medical opinion in the record, but that's not somebody who was qualified to provide. So there is the glimmer of hope. Do you hope you say that Butner could find some treatment? Well, I'm not going to take a bet. I just don't need to, and I'm not going to. I am in the position before this court that we're within the four months provided by the statute, let alone the 45 days that the district court shortened it to. But Butner sends his report to Judge Walford and to counsel. They both get the report. Who gets the report? I'm not sure, but you're not standing up again. I'm not sure. You don't know who gets the report? I believe it is the district court directly, Your Honor, and I do believe that the district court then, in turn, because when I talked to him, I was told I wouldn't get it. How does his counsel know that he has to do something? That will be committed. The court has a report back. I believe there's a report backdated. I don't have it. But the 45 days is May 10th, if we're all agreeing on that. And then in due course, I'm sure that the district court will be obviously aware of this appeal and obviously aware of the fact. So in our court, we like to be able to do something. I understand. And I understand the court's frustration, but I think that this is not the case yet where this court can do anything. Yeah, it came to us on an expedited fashion. It did. That wasn't my doing, Your Honor. All right. All right. I can see that we're not going anywhere. I thank you both for continuing to discuss this. Judge Winter, do you have any other thoughts or questions? No. Thank you. All right. Well, we'll reserve decision. And that's the last argument on our calendar. I will ask the clerk to adjourn court. Court is adjourned. Victor? Do I have the phone number in there again? Yes, thanks. Thank you. Thank you.